We move to the final case this morning, Johnson v. Madigan. Good afternoon, Your Honors, may it please the Court. I'm Peter Henderson. I represent Anthony Johnson. Let's start with jurisdiction. I hope that the panel received the letters we filed late yesterday. I wanted to apologize to the Court. That's entirely my fault. Mr. Johnson moved to Wisconsin, and it never occurred to me that that would implicate standing in this Court. It doesn't. Mr. Johnson still is suffering as a result of this Illinois law. In Wisconsin, Wisconsin basically takes a look at other states, and if a person is required to register for life in another state and moves to Wisconsin, they are obligated under Wisconsin law to then register for life. So if Mr. Johnson were to prevail in this case, he would no longer have to register as a sex offender in Illinois or Wisconsin. And that, I think, clearly gives him Article III standing. On the merits, there's an issue that the state raised in its letter pertaining to the merits, and that's how do we evaluate what the intent or the effects of this law are. And so it's useful to take a look at the legal framework that the Supreme Court set out in Smith v. Doe. The first thing the Supreme Court said is when we're looking to see if a law is punitive or non-punitive, we look at legislative intent. If they intended it to be punitive, that ends the question. It's subject to the ex post facto law. We have not alleged that the legislative intent was to create a punitive scheme. We've conceded this is intended to be a regulatory scheme. The next step, then, that the Supreme Court goes to is, okay, it is a regulatory scheme, but do the effects of the scheme, the whole statutory scheme, are they so punitive as to negate the state's intent that this be just a regulatory scheme? And when the Supreme Court did that analysis, and as all the courts applying that case have done this analysis, they look not to an individual plaintiff. So they don't look, Mr. Johnson didn't need to allege below, for example, I really like going to parks, and now I can't go to parks. That's not how we analyze if the statutory scheme as a whole is so punitive as to outweigh the legislative intent or not. We look at the effects on everybody in the state. We look at the entire statutory scheme, and we do it according to those five factors. So just because Mr. Johnson is now not subject to certain restrictions in Illinois, he's now subject to the Wisconsin restrictions, that has nothing to do with the analysis of whether the Illinois law is a punitive law and thus subject to the ex post facto clause. An analogy might be if Mr. Johnson were convicted of a criminal offense in Illinois that carried collateral consequences, but he wasn't punished for it. He got time served, a sentence of probation, something like that. That doesn't mean that it's not a punitive law. Perhaps he doesn't suffer the collateral consequences in Illinois. He moves to Wisconsin. You're talking about if he doesn't follow the rules? No. What I'm saying is we don't look to see whether the law is punitive or not as to whether this individual plaintiff is subject to all of the punitive effects of the law. Okay. Well, is it a punitive effect if he doesn't register and they get after him? Oh, absolutely. So you're not going to that. As long as he follows the rules, it's not a punitive effect. Right. But, again, this is sort of more of a global analysis as to what are the effects of the entire statutory scheme on the entire class of people who fall under it. Well, it's not pleasant, that's for sure, having to register and keep up with it. That's right. I think it is. I'm going to digress just a minute, and that is because the other side repeats often, how often, that this felony conviction that came up later, but still they were aware of it, I guess, when he was sentenced. He keeps saying, well, it's only stealing two steaks, which is shoplifting, and there's a felony. There's got to be more than stealing two steaks. Well, the reason it's a felony, it would be a misdemeanor, except he had a prior conviction. That's it. That's it. And that goes to a point. I don't think you'd let him get away with that if you were representing him. But that I could represent everybody before I get the cases on appeal. Okay, I understand that. But that bothers me, but it just may be just a fact. But to get a felony, which is exacerbating this whole thing, without that felony, you're not here. That's right. And that entire requirement seems to be derived from the Adam Walsh Act. Really? This starts with Congress, right? Because what Congress said was, we're going to let the Attorney General decide how states can comply with the Federal Sex Offender Registration Notification Act. And what the Attorney General said is, we're not going to require that all states register everybody who's ever been convicted of a sex offense. That's just administratively impossible. So what we're going to do instead is we're going to say, if they come into your system again, in particular if they get a felony conviction, then we'll say you've complied as long as you register those people. And so what Governor Quinn indicated when he vetoed the first version of this bill and then signed the second version, what he indicated is we need to comply with the Adam Walsh Act. And Illinois is in compliance with that act because they identify people who come through with new felony convictions. But Your Honor is absolutely correct. In Illinois, especially if you have a record, it's very, very easy to get a felony conviction for what we might consider relatively minor behavior. So it's a problem. I think that this whole question of whether this approach is punitive or not is almost about the old adage about the road to hell being paved with good intentions. The intentions here are we're going to create this administrative regulatory scheme that will keep people safe, that will deter recidivism, all of that. But at some point, as we keep piling on these regulations and restrictions, we get to that place at the end of the road that is punitive. And so the question in this case is, has Illinois gotten there? We certainly think under the five factors in Smith v. Doe that it has. And so we think this case was inappropriately dismissed under Rule 12b-6. So we'd ask to reverse and remand. Thank you, Your Honor. Thank you, Counsel. May it please the Court. Assistant Attorney General Christina Hansen here on behalf of the defendants. The sole issue that plaintiff raised in this appeal is whether the Illinois Sex Offender Registration Act, as applied to him, is an impermissible ex post facto clause. As we raised in our letter to the Court, because he is no longer a resident of Illinois, the registration requirements, those requirements that he pointed to as making the law punitive in effect, no longer apply to him. Indeed, the sole basis that he claims for his continued standing to bring his claim is that Illinois initially imposed a registration requirement on him. He contends that Wisconsin now requires him to register because Illinois initially imposed a registration requirement on him. Doesn't the Illinois statute require him to indicate any change of residence? While he's residing in Illinois. Is that what it says? My understanding is the statute requires you to register in the jurisdiction in which you either reside or are temporary domiciled for three or more days. And so Illinois does not follow. Persons who have been required to register under the act are not followed into other states when they leave the state. My question is, was Illinois law drafted clearly to indicate that if you move out of state you don't have to file in Illinois? Illinois does not follow registrants out of state. So while he is out of state, he is not required to, for example, make in person. That's what the statute says, as far as you're concerned. Yes, he's not required to register in person annually or quarterly. He's not required to update his registration information in Illinois. And so for that reason. But having been branded a sexual predator in Illinois could subject him to requirements in other states that he wouldn't be subject to, couldn't it? Right, but what he has raised in this case is an as-applied challenge to the Illinois registration scheme. And so we have to look at which provisions of the Illinois registration scheme apply to him and whether the cumulative effect of those provisions transform the state's intent to create a regulatory scheme into a penal statute. And in that regard, this court's decision in Mueller v. Ramish is instructive because in that case, plaintiffs challenged provisions of Wisconsin's version of the registration law while they resided out of state. And this court looked at the specific provisions of the statute and whether they applied to him, whether they applied to those plaintiffs. For example, the Wisconsin law included prohibitions on sex offenders working with children or sex offenders in the category in which those plaintiffs fell working with children. Because the plaintiffs didn't reside in Wisconsin, those provisions of that provision of the act, the plaintiffs lacked standing to challenge that provision of the act. What was left with respect to the Wisconsin act in Mueller was the mere fact of having to update your registration requirements because Wisconsin required that. And that, this court found, fell squarely within the Dobie-Smith analysis. Here, Illinois does not require continued updating of a sex offender's registration requirements while he is out of state. So the fact that he is out of state moots his claim. He no longer has standing to bring it. But even if he did, even if this court had jurisdiction in all cases to violate the ex post facto clause, a state law must be retroactively applied and it must be penal. Here, plaintiff's claim fails on both counts. First, the Illinois act was not retroactively applied to him. He concedes that it's his 2013 felony conviction that triggered the current registration obligation. He pleaded guilty to felony theft, and that's what triggered the registration requirement. That was almost two years after the amendments to the Illinois act went into effect. The touchstone of retroactive legislation is that the party has to be on notice of the consequences of their criminal conduct. Here, he was on notice. Like I said, the amendments to the SORA were passed almost two years before he pled guilty to that felony conviction. And therefore, the statute was simply not applied retroactively to him. So you would agree that he was going to get it no matter what just because he had a prior sex offense that whatever trouble he got into was going to be a felony? Is that the way it worked? Well, any felony conviction would trigger, in his case, any felony conviction would have triggered a lifetime registration requirement given the underlying sex offenses. And the fact that that shoplifting was a felony had to be almost a mandate, I guess. Well, the fact that that theft conviction was a felony goes to his prior record. That's what I mean. The prior record, which he had a rape pretty far in the past, would mandate. Well, his entire criminal record is not, his entire criminal history is not in our record. Isn't that right? His entire criminal history is not in our record. You're going to say there's a lot of other things that might have caused that. That would have triggered, there would have been other offenses that would have triggered a $12 theft estate being a felony. Okay. Certainly. So in addition to the act not retroactively applying to plaintiff, it's also not punitive. Particularly here, where he is no longer subject to the in-person registration requirement that he complains of. He's no longer in Illinois to be at risk of prosecution for being knowingly present in an Illinois park. The statutory scheme is essentially what the Supreme Court considered and found not to be an ex post facto law in Smith v. Doe. And this court reached that same conclusion in Leach in analyzing the Federal Registration Act. The Illinois Act is not materially different from the Federal Act that this court found was not punitive in Leach. For those reasons, if there are no more questions, we ask that the district court affirm. Thank you. That the district court's decision be affirmed. Thank you. You have two minutes and rebuttal. Thank you, Your Honor. I think first I ought to clarify the as-applied challenge. Mr. Johnson's claim is that the Illinois Sex Offender and Registration Act is an unconstitutional ex post facto law as applied to him because it was enacted after the conviction for which he is required to register as a sexual predator. That's the application. When you do the analysis as to whether the law is punitive or not, you don't look at an individual plaintiff. The state never raised below that, for example, Mr. Johnson didn't have standing because he didn't allege that he likes to go to public parks. If you don't like to go to public parks and you never intend to go to a public park, you don't have standing to challenge this restriction on going to a public park. That's not the claim. He's not claiming that this is a deprivation of his right to go to public parks. He's claiming that this is an unconstitutional ex post facto law according to the entire statutory scheme, and Smith v. Doe doesn't look at individual plaintiff's claims. It looks at whether the law is punitive or not. That's a question of law according to this five-factor test. So that part of the standing argument I disagree with. Mueller did make those very particular as-applied challenges, and said this is unconstitutional, this is unconstitutional, this isn't. The district court rejected most of those but said, yeah, the fine is unconstitutional. That's not the claim that we're making here. We're saying the entire statutory scheme is punitive and thus applying it to Mr. Johnson would be unconstitutional. The last thing, I really disagree with the claim that this is not a retroactive law. The rape conviction was in 1983. This law was passed in the 90s, 2000s, the recent amendment in 2011, 2012. The state clearly and the federal government clearly have intended this to be a civil regulatory scheme. If I can just finish. Sure. They clearly have intended this to operate retroactively. That's the entire purpose of the legislation. Identify who's been convicted of a sex offense and put them on the registry. We've conceded this was intended to be a civil regulatory scheme, but our contention is under the Smith v. Doe factors, it is so punitive that it overcomes that intent. Thank you, Your Honor. Thank you, Mr. Anderson. Thanks to both counsel on the cases taken under advisement. And the court is in recess.